AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

US DOMINION, INC., et al., )
    *Plaintiff* )
    v. )   Civil Action No. 1:21-CV-00445 (CJN)
MY PILLOW, INC., et al., )
    *Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     Monroe County, FL Supervisor of Elections
530 Whitehead Street #101, Key West, FL 33040-6577
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

Place: Office of the Monroe County, FL Supervisor of Elections, 530 Whitehead Street #101, Key West, FL 33040-6577. Production by electronic transfer or mail is preferred.

Date and Time: September 30, 2022

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place:     Date and Time:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2022

    *CLERK OF COURT*
                       OR

    *Signature of Clerk or Deputy Clerk*        /s/ Andrew D. Parker
                                             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants My Pillow, Inc., and Michael J. Lindell, who issues or requests this subpoena, are:
Andrew D. Parker, 123 North Third Street, Suite 888, Minneapolis, Minnesota 55401, parker@parkerdk.com, 612-355-4100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-CV-00445 (CJN)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                    .

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $           for travel and $           for services, for a total of $     0.00       .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

**Definitions**

1. "Adjudication" refers to the process of reviewing a voter's ballot to determine what votes were intended by the voter who cast the ballot.

2. "Ballot marking device" refers to any electronic device used to complete an electronic ballot which is then printed onto paper.

3. "Ballot scanner" refers to an electronic device that provides optical scanning of ballots to produce a digital image of the ballot and/or to read the votes marked on the ballot.

4. "Client" refers to a computer that connects to a computer server.

5. "Controlling computer" refers to a computer connected to another electronic device, that is used to control the behavior of the connected electronic device.

6. "Document" refers to any writing or electronically stored information stored in any medium from which information can be obtained, including drawings, graphs, charts, photographs, sound recordings, video recordings, images, or other data or data compilations, within the meaning of Fed. R. Civ. P. 34(a)(1)(A).

7. "Drive" or "drives" refers to any medium for the storage of electronic or digital data.

8. "EMS" refers to an Election Management System or any set of electronic equipment used to facilitate the counting, tabulation, and reporting of results in a public election.

9. "Electronic election system" refers to all electronic or computerized devices and equipment used to cast ballots, count votes, tabulate votes, or report results in an election.

10. "EnCase" refers to the digital forensic data collection and investigation technology produced by Guidance Software.

11. "Forensic copy" refers to a file-level exact duplication of electronic data.

12. "Forensic image" refers to a bit-by-bit, sector-by-sector direct copy of a physical storage devices containing electronic data, including all files, folders and unallocated, free, and slack space.

13. "ImageCast Central" or "ICC" refers to the electronic system distributed by Dominion Voting with that name.

14. "ImageCast Evolution" or "ICE" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device and tabulator.

15. "ImageCast Precinct" or "ICP" refers to the electronic device distributed by Dominion Voting, with that name, that can optically scan and tabulate votes from paper ballots.

16. "ImageCast X" or "ICX" refers to the electronic device distributed by Dominion Voting, with that name, that can be used as a ballot marking device.

17. "November 2020 Election" refers to the general election in the United States for which Election Day was November 3, 2020.

18. "Server" refers to a computer server or computer that stores, processes, and manages data for other computers or devices on a computer network.

19. "Storage device" refers to any medium for the storage of electronic or digital data.

20. "Tabulator" refers to any electronic device used to count or tabulate votes from paper ballots.

21. "Workstation" refers to an individual computer, which may or may not be connected to a computer network, used to facilitate one or more specific tasks or processes.

22. "You" and "Your" refer to the recipient of this subpoena.

## Items to Produce

Produce the following documents, communications, and electronic data in Your possession, custody, or control:

1. Forensic images, in EnCase format, of each of the following objects used in connection with the November 2020 Election:

    a. All drives attached to or affiliated with an EMS Server

    b. All drives attached to or affiliated with any workstation used as an EMS Client

    c. All drives attached to or affiliated with any ImageCast Central Workstations

    d. All drives attached to or affiliated with any Adjudication Workstations

    e. All drives attached to or affiliated with the controlling computer for any ballot scanner such as HiPro, Canon, etc.

    f. All drives attached to or affiliated with any device used in conjunction with the election as a communications server or virtual private network server/concentrator

    g. All SD Cards, USB Drives or other storage devices that were inserted into or removed from all tabulators, ballot marking devices or other device that was used for the tabulation of votes

    h. All ImageCast X, ImageCast Precinct, and ImageCast Evolution devices

2. The following electronic files:

   a. Forensic copies of all slog.txt files and .dvd files generated from tabulators and ballot marking devices

   b. Forensic copies of all data items related to the November 2020 Election subject to the 22 month voter records retention requirement under U.S. federal law

3. The following information related to electronic election system architecture:

   a. A network diagram including all devices, mac addresses and assigned IP addresses for Your complete electronic election system, including but not limited to the EMS Server, all networked devices on the EMS Server network (routers, switches, communications servers, modems, etc), and all devices attached to the resident network for the voter registration server

   b. For each ballot marking device, ballot scanner, and tabulator, the media access control (MAC) address for each communication device connected to the ballot marking device, ballot scanner, or tabulator at any time between January 1, 2019 and November 30, 2020

   c. Copies of all network logs, PCAPs, netflow data and access control logs from networking devices associated with the EMS

   d. Credentials to permit access through all whole disk or file encryption technologies utilized in any part of Your electronic election system that is produced in response to this subpoena, including but not limited to BitLocker, TrueCrypt, and VeraCrypt technologies

   e. A list of all personnel who had access to the EMS Server or any EMS server-connected computing device for the period January 1, 2019 through November 30, 2020. Provide the name of the person, the account utilized, the devices accessed and the duration of the access.

4. The following information related to the results of the November 2020 Election:

   a. Copies of all tabulator poll closing reports and tabulator reports generated by each precinct and polling location, detailing with date and time the number of in person voters, the number of same day voter registrations (if applicable), and the final totals for the precinct

   b. Copies of the certified final election results that were used to determine the official outcomes of the election contests

   c. Copies of any document, report, or spreadsheet that was produced in relation to the November 2020 Election

5. All documents related to any indication of any intrusion attempt into Your electronic election system.

6. Copies of all cellular bills and connections supporting Your ballot scanners and ballot marking devices. These records should include the International Mobile Equipment Identity (IEMI) number, Temporary Mobile Subscriber Identity (TMSI) number, originating phone number, destination phone number, date and time of call origination, and call duration.

7. Copies of all contracts and agreements with the suppliers of any of Your electronic election system equipment, devices, software, or support services.

8. Copies of all contracts and agreements related to network security, network monitoring, or cybersecurity concerning all or any part of Your electronic election system.